**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **RALPH E. WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **PROCESS EQUIPMENT AND CONTROLS, LLC,** | ) | **1:20-cv-03485-CAP-AJB** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT PROCESS EQUIPMENT AND CONTROLS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

COMES NOW, PROCESS EQUIPMENT AND CONTROLS, LLC, Defendant in the above-styled cause of action and hereinafter referred to as "Defendant," and files this its Answer and Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court the following:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate her damages.

## THIRD DEFENSE

Plaintiff suffered no damages as a result of any act or omission by the Defendant.

## FOURTH DEFENSE

Plaintiff's claims fail as he lied on a post-hire medical questionnaire indicating he did not have epilepsy.

## FIFTH DEFENSE

Plaintiff has failed to exhaust all administrative remedies required to file this action

## SIXTH DEFENSE

All employment decisions related to Plaintiff's employment with Defendant were based on legitimate and non-discriminatory business reasons.

## SEVENTH DEFENSE

To the extent Plaintiff alleges that any of Defendant's agents or employees acted in an unlawful manner, such conduct, if it occurred, was outside the source and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant.

As a result, Defendant is not liable for any such conduct, if it occurred.

## EIGHTH DEFENSE

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant denies, the same decision(s) would have been reached for legitimate business purposes.

## NINTH DEFENSE

Subject to further proof, Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

## TENTH DEFENSE

Subject to further proof, Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

## ELEVENTH DEFENSE

Defendant maintains all defenses available to it based on the allegations in Plaintiff's Complaint.

Defendant responds to the individually-numbered paragraphs as follows:

## NATURE OF ACTION

1.

Defendant admits that Plaintiff has brought this action pursuant to the Americans with Disabilities Act as stated in Paragraph 1 of Plaintiff's Complaint.

Defendant further denies any wrongdoing or violations of the ADAAA.

## JURISDICTION AND VENUE

### 2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEEDINGS

### 4.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and thus same are denied.

### 5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

### 6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## **PARTIES**

8.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and thus same are denied.

9.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and thus same are denied.

10.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and thus same are denied.

11.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and thus same are denied.

12.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and thus same are denied.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

15.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, and thus same are denied.   By way of further response, Defendant admits that there was an incident at work on April 15, 2020, that afterwards Plaintiff described as a seizure.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## **FACTS**

22.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and thus same are denied.

23.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and thus same are denied.

24.

Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.  By way of further response, Defendant states that Plaintiff did not indicate he had epilepsy on the post-hire questionnaire.

26.

Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.  By way of further response, Defendant states as an employer, it is unable to conduct a full scale investigation into an applicant's medical history, nor is it required to do so.  Plaintiff falsified his post-hired medical questionnaire.

29.

Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant admits the allegations contained in Paragraph 32 of Plaintiff's

Complaint.

33.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and thus same are denied.   By way of further response, Defendant admits that there was an incident at work on April 15, 2020, that afterwards Plaintiff described as a seizure.

34.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint, and thus same are denied.   By way of further response, Defendant admits that there was an incident at work on April 15, 2020, through which he was transferred to the hospital via ambulance that afterwards Plaintiff described as a seizure.

35.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint, and thus same are denied.

36.

Defendant admits Mr. Hartwell was present at the ER.  Defendant is without sufficient knowledge or information to either admit or deny the remaining

allegations contained in Paragraph 36 of Plaintiff's Complaint, and thus same are denied.

37.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint, and thus same are denied.

38.

Defendant admits that a conversation occurred between Mr. Loew and Plaintiff after the incident.  Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant admits that Plaintiff took a drug test the day after the incident. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint, and thus same are denied.

40.

Defendant admits that Plaintiff was separated from the company due to a failed drug test.  Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 40 of Plaintiff's

Complaint, and thus same are denied.

41.

Defendant admits that a separation notice was provided to Plaintiff, and that the rationale for termination was a failed drug test.   Defendant denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, and thus same are denied.

43.

Defendant admits that Plaintiff failed the drug test.   Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, and thus same are denied.

## COUNT ONE
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

44.

Defendant reiterates its responses provided in paragraphs 1-43 as set forth herein.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's

Complaint.

46.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, and thus same are denied.

47.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint, and thus same are denied.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## COUNT TWO
## DISCRIMINATORY DISCHARGE BECOASE OF DISABILITY IN VIOLATION OF THE ADA

54.

Defendant reiterates its responses provided in paragraphs 1-53 as set forth herein.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant is without sufficient knowledge or information to either admit or

deny the allegations contained in Paragraph 56 of Plaintiff's Complaint, and thus same are denied.

57.

Defendant admits that Plaintiff was terminated for a failed drug test. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint, and thus same are denied.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint, and thus

same are denied.   By way of further response, Defendant admits that there was an incident at work on April 15, 2020, that afterwards Plaintiff described as a seizure.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant admits that per company policy a drug test was administered after on site incident.  Defendant denies as stated the remaining allegations, contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant admits the allegations contained in Paragraph 70 of Plaintiff's Complaint.  By way of further response, Defendant states it does not have an obligation or a right to speak directly with a physician.

71.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint, and thus same are denied.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's

Complaint.

## COUNT THREE
## RETALIATION IN VIOLATION OF THE ADA

### 73.

Defendant reiterates its responses provided in paragraphs 1-72 as set forth herein.

### 74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

### 75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

### 76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

### 77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## <u>COUNT IV</u>
## <u>DISCRIMINATION DISCHARGE DUE TO BEING REGARDED AS</u>
## <u>DISABLED IN VIOLATION OF THE ADA</u>

78.

Defendant reiterates its responses provided in paragraphs 1-77 as set forth herein.

79.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 82 of Plaintiff's Complaint, and thus same are denied.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendant denies the allegations as stated in Paragraph 84 of Plaintiff's Complaint.   Defendant admits it terminated Plaintiff for failing a drug test and lying on his post-hire questionnaire.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendant hereby denies any allegation contained in the "WHEREFORE" clause following paragraph 86 of Plaintiff's Complaint.

88.

Any and all allegations contained in Plaintiff's Complaint to which Defendant not previously responded are hereby denied.

WHEREFORE, Defendant respectfully prays:

    (a) that Plaintiff's Complaint be dismissed with prejudice;

    (b) that all costs in this matter be taxed to Plaintiff; and

    (c) for such other and further relief that this Honorable Court may deem just and proper.

This 23rd day of October, 2020.

**MCLAUGHLIN LAW FIRM**

*/s/ Carey E. Olson*

11575 Great Oaks Way, Suite 100
Alpharetta, Georgia 30022      _____
(470) 415-5500                Carey E. Olson
(470) 415-5510 (fax)          Georgia Bar No. 843080
Carey.Olson@mgmesq.com        *Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **RALPH E. WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.** |
| **PROCESS EQUIPMENT AND** | ) **1:20-cv-03485-CAP-AJB** |
| **CONTROLS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Plaintiff in the foregoing matter with a copy of the foregoing DEFENDANT PROCESS EQUIPMENT AND CONTROLS, LLC'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT and with the Clerk of Court using the CM/ECF system that automatically sends email notification of such filing to the attorneys of record, listed below, who are registered participants in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF System:

Louise N. Smith
Smith Law, LLC
3611 Braselton Highway
Suite 202
Dacula, Georgia 30019
(678) 690-5299

I further certify that the foregoing document has been prepared with Times New

Roman 14-Point Font, as approved in LR 5.1C.

This 23rd day of October, 2020.

**MCLAUGHLIN LAW FIRM**

*/s/ Carey E. Olson*

_____

| | |
|---|---|
| 11575 Great Oaks Way, Suite 100 | Carey E. Olson |
| Alpharetta, Georgia 30022 | Georgia Bar No. 843080 |
| (470) 415-5500 | *Attorneys for Defendant* |
| (470) 415-5510  (fax) | |
| Carey.Olson@mgmesq.com | |

2